PROTECT LAKE PLEASANT LLC; Pensus Group LLC; David Male-Ffinch; Michael Viscuis, Plaintiffs—Appellants,

v.

Robert W. JOHNSON, in his official capacity as Commissioner, United State Bureau of Reclamation; U.S. Bureau of Reclamation; Dirk Kempthorne, in his official capacity as Secretary, United States Department of the Interior, Defendants—Appellees,

---

1. Because the parties are familiar with the facts, we recite them only as necessary to explain our decision.

Lake Pleasant Marina Partners, LLC,
Defendant–intervenor—Appellee.

No. 07–16038.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 15, 2007.

Filed Nov. 1, 2007.

Andrew Federhar, Esq., Todd C. Wiley, Esq., Fennemore & Craig, PC, Phoenix, AZ, for Plaintiffs–Appellants.

Michael T. Gray, Esq., DOJ–U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, Sue A. Klein, USPX–Office of the U.S. Attorney, Phoenix, AZ, Daniel G. Knauss, Esq., USTU—Office of the U.S. Attorney, Tucson, AZ, for Defendants–Appellees.

Martha E. Gibbs, Esq., Ronald W. Messerly, Esq., Marc Allen Erpenbeck, Esq., Snell & Wilmer, LLP, Phoenix, AZ, for Defendant–intervenor—Appellee.

Before: ROTH *, THOMAS, and CALLAHAN, Circuit Judges.

MEMORANDUM **

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Protect Lake Pleasant LLC, Pensus Group LLC, David Male–Ffinch, and Michael Viscuis (collectively, "Protect Lake Pleasant") appeal from the district court's order denying Protect Lake Pleasant's request for a preliminary injunction against the United States Bureau of Reclamation ("Reclamation"). We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

## I

"A district court's order with respect to preliminary injunctive relief is subject to limited review and will be reversed only if the district court 'abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact.'" *Save Our Sonoran, Inc. v. Flowers,* 408 F.3d 1113, 1120–21 (9th Cir. 2005) (quoting *United States v. Peninsula Communications, Inc.,* 287 F.3d 832, 839 (9th Cir.2002)).

"The standard for granting a preliminary injunction balances the plaintiff's likelihood of success against the relative hardship to the parties." *Clear Channel Outdoor, Inc. v. City of Los Angeles,* 340 F.3d 810, 813 (9th Cir.2003). We have described two sets of criteria for preliminary injunctive relief. Under the "traditional" criteria, a plaintiff must show "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Johnson v. Cal. State Bd. of Accountancy,* 72 F.3d 1427, 1430 (9th Cir.1995). Alternatively, a court may grant the injunction if the plaintiff "demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." *Id.* (internal quotation marks omitted).

## II

The district court did not abuse its discretion in denying the motion for a preliminary injunction.

## A

■ Protect Lake Pleasant contends that Reclamation violated the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. §§ 4321–4370f, by issuing a Finding of No Significant Impact ("FONSI") in its Environmental Assessment ("EA") of a proposed construction of a new marina on Lake Pleasant. Protect Lake Pleasant's primary argument is that Reclamation should have conducted a new carrying capacity study prior to issuing the FONSI. The district court concluded that Protect Lake Pleasant's carrying capacity analysis was flawed; that Reclamation was not obligated to conduct a carrying capacity study before issuing the EA; and that any problems with carrying capacity could be addressed by future management mitigation measures.

After a careful review of the record, we see no abuse of discretion in the district court's conclusions. Protect Lake Pleasant concedes that the construction of the marina, by itself, will not cause environmental harm, and it does not satisfactorily address the district court's conclusion that any difficulties posed by an increase in lake usage could be addressed by future mitigation action.

The district court also correctly concluded that Reclamation was not obligated to conduct a carrying capacity study prior to issuing the FONSI. The final EA was tiered to an Environmental Impact Statement ("EIS") that analyzed carrying capacity. The district court did not abuse its discretion in concluding that the EIS analysis, coupled with a reasoned decision that a more effective method of dealing with

potential overcrowding would be through proper management rather than limiting recreational development, was a sufficient "hard look" to satisfy NEPA requirements. The district court also properly concluded that Reclamation gave adequate consideration to other alternatives in its EA.

B

■ Our conclusion that the district court did not abuse its discretion in denying the motion for preliminary injunction is also buttressed by the fact that it is far from clear that the relief sought in this proceeding is cognizable. In its motion, Protect Lake Pleasant sought only to enjoin Reclamation from issuing the FONSI; it did not ask the district court to enjoin construction of the marina. Reclamation's approval was required before Maricopa County was permitted to authorize the construction. The Use Management Agreement between Lake Pleasant Marina Partners and Maricopa County coupled with the Recreational Management Agreement between Maricopa County and Reclamation do seem to condition construction of the Marina Project on completion of the requisite NEPA analysis. However, NEPA analysis was complete, the FONSI had already been issued, authority had already been given to Maricopa County to proceed, and Maricopa County had already authorized construction when Protect Lake Pleasant moved for a preliminary injunction. Reclamation was unable at oral argument to identify the source of its authority to stop construction on its own initiative after the FONSI had issued, even though the Court had requested counsel to be prepared to address the question.

In short, even if the district court had been so inclined, it does not appear that the district court could enjoin the issuance of a document that had already been issued. Nor could the district court have enjoined the BOR from "implementing" the FONSI, as a FONSI does not require any steps to "implement" it. *See* 40 C.F.R. § 1508.13.

"Where the activities sought to be enjoined have already occurred, and the appellate courts cannot undo what has already been done, the action is moot." *Friends of The Earth, Inc. v. Bergland,* 576 F.2d 1377, 1379 (9th Cir.1978). The activities Protect Lake Pleasant sought to enjoin have either already occurred or will never occur. Thus, the relief sought here—enjoining the issuance of a FONSI that had already been issued—is not cognizable.

C

For these two independent reasons, we conclude that the district court did not abuse its discretion in denying the motion for a preliminary injunction.

**AFFIRMED.**